**The below described is SIGNED.**

**Dated: December 14, 2006**

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | |
| **Eva Durham,** | Bankruptcy Number 06-23034 |
| Debtor. | Chapter 13 |

**MEMORANDUM DECISION OVERRULING AMERICREDIT'S OBJECTION TO CONFIRMATION**

The matter before the Court is an objection to confirmation of the Debtor's proposed chapter 13 plan. AmeriCredit Financial Services, Inc. ("Americredit") objected to confirmation because the Debtor proposes to surrender its collateral in full satisfaction of Americredit's claim. AmeriCredit argues that this treatment conflicts with the intent behind 11 U.S.C. § 1325(a).[1] The Debtor argues that this treatment is allowed under a plain reading of § 1325(a) and objects to Americredit's claim. Because this dispute presents an issue of first impression for the Court in light of recent amendments to the Bankruptcy Code under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA"), the Court elects to issue the following

---

[1] All statutory references herein are to the Bankruptcy Code, unless stated otherwise.

Memorandum Decision. For the reasons stated below, the Court determines that AmeriCredit is not entitled to a deficiency claim in this case.

**I.     JURISDICTION AND VENUE**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157(b)(2)(L). Venue is appropriate under 28 U.S.C. § 1408(1).

**II.    BACKGROUND**

The Debtor, Eva Durham, filed for chapter 13 bankruptcy relief on August 17, 2006. On her Bankruptcy Schedules, she listed a 2005 Jeep Cherokee Laredo ("the Jeep"), secured by a purchase money security interest held by AmeriCredit. The parties agree that the Debtor purchased the Jeep within 910 days of filing for bankruptcy relief, on January 26, 2006. They also agree that the Debtor purchased the Jeep for her own personal use.

On October 11, 2006, the Debtor filed an Amended Chapter 13 Plan which proposes to surrender the Jeep to AmeriCredit in full satisfaction of its claim. At the confirmation hearing in this case, AmeriCredit objected to its proposed treatment arguing that it is entitled to assert a deficiency claim following the surrender and liquidation of the Jeep. The Debtor argued that under recent changes to § 1325(a), a secured creditor's claim is not bifurcated into a secured and unsecured portion, thereby leaving the parties with the fiction that the collateral is, *ipso facto*, worth the entire amount of the creditor's claim.

**III.   ANALYSIS**

    A.     <u>Whether a Debtor May Surrender 910 Collateral in Full Satisfaction</u>

Through the BAPCPA Congress amended § 1325(a) of the Bankruptcy Code to include a provision following § 1325(a)(9), but did not provide a number for the provision. Because the

provision was left without a numerical designation, it has commonly become known as "the hanging paragraph." The so-called hanging paragraph provides:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910 day proceeding [sic] the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.[2]

Thus, the provisions of § 506 do not apply to a debt which falls within the purview of the hanging paragraph. Section 506 provides for bifurcation of a secured claim into one secured claim to the extent of the collateral's value, and one unsecured claim for the remainder of the allowed claim. Section 506 also authorizes a bankruptcy court to value the collateral at issue. The hanging paragraph takes meaning in connection with § 1325(a)(5), which provides that a debtor may treat a secured creditor in one of three ways: 1) the debtor may obtain the creditor's acceptance of the plan; 2) the debtor may cram down the secured claim and pay the creditor through the plan; or 3) the debtor may surrender the collateral.[3]

Under pre- BAPCPA law, these three options were available with respect to any secured claim. If a debtor chose the second option and retained the collateral while paying the claim through the plan, the debtor could propose to treat the claim as secured only to the extent of the collateral's value. The authority for this bifurcation was found under § 506. If a debtor chose the third option and surrendered the collateral, the creditor was still entitled to an unsecured

---

[2] With respect to motor vehicles purchased within 910 days of filing, the Court has come to call these claims "910 claims."

[3] In re Ezell, 338 B.R. 330 (Bankr. E.D. Tenn. 2006).

3

claim for the deficiency remaining after liquidation of the collateral.

Under the BAPCPA, however, the hanging paragraph specifically excludes the application of § 506 to 910 claims. Much has been written on this topic since the BAPCPA took effect. To date, the Court is aware of at least fourteen published opinions from around the country specifically addressing this issue. The vast majority of those decisions follow Judge Richard Stair's opinion in In re Ezell.[4] Under these opinions, collateral securing a claim is held to be worth the exact amount of the secured claim filed by the creditor, so when a debtor proposes to surrender collateral, the creditor is deemed paid in full and is not entitled to a deficiency claim.[5]

The Court is aware of only three published opinions which disagree with the holding of Ezell.[6] In In re Duke, Judge Cooper held that the hanging paragraph is ambiguous and looked to the legislative history of the BAPCPA.[7] Judge Cooper determined that the hanging paragraph does *not* allow a debtor to surrender 910 collateral in full satisfaction of a secured claim because the legislative history of the BAPCPA suggests a congressional intent to benefit creditors, rather

---

[4] Id. *Accord* In re Pool, 351 B.R. 747 (Bankr. D. Or. 2006); In re Evans, 349 B.R. 498 (Bankr. W.D. 2006); In re Osborn, 248 B.R. 500 (Bankr. W.D. Mo. 2006); In re Sparks, 346 B.R. 767 (Bankr. S.D. Ohio 2006); In re Brown, 346 B.R. 868 (Bankr. N.D. Fla. 2006); In re Payne, 347 B.R. 278 (Bankr. S.D. Ohio 2006); In re Nicely, 349 B.R. 600 (Bankr. W.D. Mo. 2006); In re Gentry, — B.R. —, 2006 WL 3392947 (Bankr. E.D. Tenn. Nov. 22, 2006); In re Turkowitch, — B.R. —, 2006 WL 3346156 (Bankr. E.D. Wis. Nov. 16, 2006); In re Fedderson, — B.R. —, 2006 WL 3347919 (Bankr. S.D. Ill. Nov. 15, 2006).

[5] See Ezell, 338 B.R. at 341-42.

[6] In re Duke, 345 B.R. 806 (Bankr. W.D. Ky. 2006); *Accord* In re Zehrung, 351 B.R. 675 (W.D. Wis. 2006); In re Particka, — B.R. —, 2006 WL 3350198 (Bankr. E.D. Mich. Nov. 17, 2006).

[7] Duke, 345 B.R. at 809.

4

than hinder them.[8]  In In re Zehrung and In re Particka, the courts sided with the holding of Duke because they believe that § 506 applies only where a debtor *retains* possession of collateral.[9] These courts hold that where a debtor surrenders collateral under § 1325(a)(5), the creditor's right to a deficiency claim arises from state law, and not from § 506.[10]  Thus, under the holdings of Zehrung and Particka, a creditor may assert a deficiency claim against the debtor regardless of whether § 506 applies to that creditor's claim.[11]

The Court believes the language of the hanging paragraph is clear on its face, i.e. the provisions of § 506 are inapplicable to 910 claims and accordingly, a secured creditor is not entitled to a deficiency claim upon the debtor's surrender of the collateral.  The Court's reasoning matches the analysis of Ezell,[12] and this Court specifically adopts the reasoning of that case.  Section 506 allows a debtor to bifurcate a secured claim into a secured claim to the extent of the collateral's value, and an unsecured claim for the remaining portion of the outstanding debt.  The effect of the hanging paragraph is that a debtor no longer has this bifurcation tool at his or her disposal.  If a creditor files a secured claim relating to 910 property and that claim is allowed under § 502, the debtor must treat the claim as fully secured.  In a sense, a fiction arises that the 910 collateral is worth the exact amount of the proof of claim.  So when a debtor

---

[8]Id. ("The only clear intent discerned from the legislative history on the hanging paragraph is that Congress intended to provide more protection to creditors with purchase money security interests.").

[9]Zehrung, 351 B.R. at 377; Particka, 2006 WL 3350198 at *7-9.

[10] Zehrung, 351 B.R. at 377; Particka, 2006 WL 3350198 at *7-9.

[11]Zehrung, 351 B.R. at 377; Particka, 2006 WL 3350198 at *7-9.

[12]338 B.R. at 341.

proposes to retain the collateral, the debtor must propose to pay the entire claim as filed. Likewise, where the debtor proposes to surrender the collateral, the fiction created by the hanging paragraph serves to render the secured claim completely satisfied.

The Court has carefully considered the reasoning of Duke, Zehrung and Particka and respectfully disagrees. Although there may be portions of the hanging paragraph which are ambiguous, it is clear on its face that § 506 does not apply to 910 claims.[13] The consequences of the hanging paragraph may be difficult to determine from a legal standpoint, but this difficulty does not create an ambiguity requiring reference to legislative history.[14] Even if the Court were to consider the scant legislative history behind the hanging paragraph, the Court finds persuasive the review of legislative history found in Ezell.[15] Ezell's discussion of legislative history indicates a determined congressional intent to eliminate bifurcation of 910 claims.[16]

The Court is also not persuaded by Zehrung and Particka's reasoning that a deficiency claim arises from state law upon surrender. Section 506 has always applied to the valuation of a

---

[13] Gentry, — B.R. —, 2006 WL 3392947 at *5 ("This court has no choice but to interpret the Hanging Paragraph as written, *i.e.*, that it applies to both Revised § 1325(a)(5)(B) and (C).") (quoting Ezell, 338 B.R. at 341-42).

[14] See Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997) ("The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole.").

[15] 338 B.R. at 341; See also In re Nicely, 349 B.R. 600, 604 (Bankr. W.D. Mo. 2006) ("The loss of the deficiency claim is the logical result of the application of the statutory language according to its plain meaning, which this Court is obligated to do unless it produces an absurd result or one which is demonstrably at odds with the intent of Congress.").

[16] 338 B.R. at 341; Pool, 351 B.R. at 750.

secured claim, regardless of the debtor's eventual treatment of that claim.[17] It is true that state law governs the creditor's rights in liquidating collateral, but the creditor's right to assert a deficiency claim arises from § 506.[18] The deficiency claim resulting after liquidation of collateral is nothing more than an estimation of the creditor's unsecured claim which was bifurcated under § 506.[19] Because § 506(a) requires valuations to be made "in light of the purpose of the valuation and of the proposed disposition or use of such property" it makes sense that the valuation of surrendered collateral would be the amount the creditor realized at the foreclosure sale.[20]

Zehrung refers to a discussion in Colliers on Bankruptcy for its assertion that a creditor's right to a deficiency claim arises under state law.[21] The Court has reviewed the cited provision of Colliers, and finds it unpersuasive. Treatises like Colliers are intended to summarize decided law, and thus are only authoritative to the extent they are supported by case law. The provision of Colliers lacks citations to published case law, and the Court did not find any supporting authority in its own research. Thus, the Court respectfully disagrees with Zehrung's contention

---

[17]Ezell, 338 B.R. at 339 ("As discussed, Pre-BAPCPA § 506(a) also came into play when the debtor, in compliance with Pre-BAPCPA § 1325(a)(5)(C), surrendered the collateral. The creditor then liquidated its collateral which fixed the amount of its allowed secured claim at the liquidation value, and its allowed unsecured claim at the deficiency balance.").

[18]See In re Osborn, 348 B.R. 500, 506 (Bankr. W.D. Mo. 2006) ("Certainly, state law defines creditors' rights, including the right to a deficiency. However, state law determines rights in property only to the extent such rights are not modified by the Bankruptcy Code.").

[19]Gentry, 2006 WL 3392947 at *7.

[20]Ezell, 338 B.R. at 339.

[21]Zehrung, 351 B.R. at 678 (citing 8 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy §1325.06[4] (15th ed. 2006).

that a creditor's right to a deficiency claim arises from state law.  The creditor's right to a deficiency claim arises from § 506's bifurcation provisions.

Finally, Particka holds that state law has always governed deficiency claims where a debtor surrenders collateral because § 506 applies only to property "in which the estate has an interest."[22]  The decision also stated that under pre and post BAPCPA law, once a debtor surrenders collateral, the bankruptcy estate no longer has an interest in that collateral so § 506 no longer has an impact.[23]  Accordingly, under Particka a creditor is still entitled to file a claim for the resulting deficiency because the claim is allowed under state law, and thus under § 502.[24]  This presents an interesting argument, but the Court respectfully disagrees.[25]

In sum, the language of the hanging paragraph is clear on its face.  A creditor secured by 910 property is not entitled to assert a deficiency claim following surrender of the collateral.  The Court notes that this holding applies only to the situation where a creditor files only one claim, and where it does not stipulate to relinquish its security interest on a portion of the collateral.

B.     Whether this Result is Constitutional under the Fifth Amendment

Within several days prior to the hearing on this matter, Americredit filed a supplemental objection to confirmation, arguing that if the Court sided with Ezell, the Court would create a taking without just compensation in violation of the Fifth Amendment of the U.S. Constitution.

---

[22] 2006 WL 3350198 at *8.

[23] Id.

[24] Id.

[25] No authority was cited for this proposition, nor has the Court's research been able to find cases on point.

To date, none of the published decisions discussing Ezell have addressed the constitutionality of the hanging paragraph. The Court determines that under the facts of this case the hanging paragraph is constitutional under the Fifth Amendment of the U.S. Constitution.[26]

Under the Fifth Amendment, Congress may not pass legislation which takes property without giving the owner just compensation.[27] Americredit argues that it has an ownership interest in the full amount of its secured claim. It further argues that to the extent the Court interprets the hanging paragraph to preclude Americredit from filing a deficiency claim, that restriction is a taking of its property right without just compensation.

In In re Larson,[28] Judge Sidney Brooks of the Bankruptcy Court for the District of Colorado held that the respective rights of creditors and debtors with regard to collateral are defined by the laws in place at the time a loan is executed.[29] Thus, Larson held that under § 522(f)(2), the provision allowing strip-off of liens encumbering property exemptions, did not violate a creditor's Fifth Amendment rights even though Colorado had since increased the

---

[26]The Court notes that under its local rules, a party raising an objection to the constitutionality of a Congressional act is required to give immediate notice to the U.S. Attorneys' Office. Because Americredit raised its constitutional objection only a few days before the hearing on this matter, the U.S. Attorney was not present and did not file any written pleadings in this case. Nevertheless, because the Court has independently reviewed Americredit's objection and believes it without merit, the Court need not delay its ruling for the U.S. Attorney since the Court has found the hanging paragraph constitutional.

[27]Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555 (1935).

[28]260 B.R. 174 (Bankr. D. Colo. 2001).

[29]See also In re Betz, 273 B.R. 313 (Bankr. D. Mass. 2002) ("When [the creditor's] lien arose, he knew or should have known that, in the event of the Debtors' bankruptcy, § 522(f) might impact upon his lien.. . .").

9

amount of the debtor's exemption.[30] The Court is persuaded by Larson and believes its reasoning applies equally to this case and to the hanging paragraph.

Loans which are created post-BAPCPA give creditors a property interest in the collateral subject to the restraints existing in law at the time the loan was created. Creditors who are secured by 910 property do not have a property right to a deficiency claim in bankruptcy if the loan was created after the BAPCPA was enacted. Accordingly, the Court concludes that the hanging paragraph as a general rule, and applied to a case where the security interest was granted after the effective date of the BAPCPA as is the case here, does not violate the Fifth Amendment of the United States Constitution.[31]

### IV. APPLICATION TO THE DEBTOR

In this case, AmeriCredit is secured by 910 collateral held by the debtor, for a loan created after the BAPCPA was enacted. Americredit filed a proof of claim in this case for $29,062.28, and the debtor proposes to surrender the collateral in full satisfaction of Americredit's claim. Under the discussion above, and the holding of Ezell, the Court determines that the Debtor's proposed treatment of AmeriCredit is appropriate. Americredit is not entitled to assert a deficiency claim following liquidation of the collateral.

### V. CONCLUSION

Americredit's Objection to Confirmation should be OVERRULED and the Debtor's

---

[30]Id. at 199.

[31]Because Americredit's claim was created after the BAPCPA was enacted, the Court makes no opinion as to whether the hanging paragraph may properly be applied to security interests predating the BAPCPA. See United States v. Security Industrial Bank et. al, 459 U.S. 70 (1982).

10

Objection to Claim is SUSTAINED.  A separate order accompanies this Memorandum Decision.



Service of the foregoing **MEMORANDUM DECISION OVERRULING AMERICREDIT'S OBJECTION TO CONFIRMATION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Eva Michelle Durham
1239 West 4200 North
St. George, UT 84770

David Berry
Berry & Tripp
5296 South Commerce Drive, Suite 200
Salt Lake City, UT 84107

J. Vincent Cameron
Chapter 13 Trustee
47 West 200 South, Suite 600
Salt Lake City, UT 84101

U.S. Trustee
Ken Garff Building
405 South Main Street, Suite 300
Salt Lake City, UT 84111

Kim Wilson
Snow, Christensen & Martineau
10 Exchange Place, Eleventh Floor
P.O. Box 45000
Salt Lake City, UT 84145-5000

Daniel D. Price
U.S. Attorneys Office
185 South State Street, Suite 300
Salt Lake City, UT 84111